CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Keanu Lyau

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEANU LYAU, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| UNION MAK CORPORATION, | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff KEANU LYAU, by and through his attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## STATUS OF PARTIES

1. Plaintiff KEANU LYAU (hereinafter "LYAU") is and was at all times mentioned herein a resident of Honolulu, Hawaii.

2. Defendant UNION MAK CORPORATION (hereinafter "UNION") is and was at all times mentioned herein a domestic profit corporation incorporated in the State of Hawaii. Defendant does business at the Ala Moana Center as Olive Garden Italian Restaurant (Olive Garden).

## NATURE OF THE CASE

3. Plaintiff was hired by Defendant UNION on September 27, 2020, as a server at the Olive Garden at the Ala Moana Center. Plaintiff has many years of experience as a server without disciplinary problems.

4. On January 28, 2021, Plaintiff was terminated from his position with Defendant UNION due to age and disability discrimination. Plaintiff was 58 years old at the time of his termination and has an Attention Deficit Hyperactive Disorder (ADHD) condition.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to the Age Discrimination in Employment Act of 1967 (ADEA).

6. The administrative prerequisites for filing this cause of action have been fulfilled. Plaintiff filed a Charge of Discrimination on July 15, 2020, based upon age and disability discrimination. A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on October 7, 2021. This action is filed pursuant to that Dismissal and Notice of Rights.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant UNION on September 27, 2020, as a server at the Olive Garden restaurant at the Ala Moana Center.

8. On January 28, 2021, Plaintiff was terminated from his position with Defendant UNION.

9. On January 28, 2021, Plaintiff was accused of using profanity when speaking with a co-worker. Plaintiff used the word "frigging". The owner of Defendant UNION heard the remark, not customers, and claimed it was profanity. The Oxford dictionary defines the term as "used to express annoyance with someone or something" and is not considered profanity. Plaintiff was upset with something he had done and was expressing his annoyance with himself.

10. At first, Plaintiff was informed he was being terminated due to customer complaints, and then he was told that he was terminated for using the word "frigging".

11. Younger employees used profanity at the workplace on a regular basis but were not terminated.

12. Younger employees who had customer complaints were not terminated.

13. Plaintiff told his manager that he had ADHD. Soon after this notification, Plaintiff was terminated from employment with Defendant UNION.

14. When terminated, Plaintiff was able to and was performing his job duties satisfactorily.

15. Just prior to his termination, another older employee was terminated.

16. Most of the employees at the Olive Garden are younger employees, under the age of forty years.

## COUNT I

## AGE DISCRIMINATION

17. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

18. The Age Discrimination in Employment Act of 1967 (ADEA) prohibits discrimination and termination due to age.

19. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of the Age Discrimination in Employment Act of 1967 (ADEA).

20. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

21. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

22. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT II

## DISABILITY DISCRIMINATION

23. Plaintiff incorporates paragraphs 1 through 21 as though fully set forth herein.

24. The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability.

25. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

26. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

27. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

28. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and

earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

29. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For reinstatement to employment with Defendant with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, January 5, 2022.

    /s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Keanu Lyau